**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PHILIP WAYNE SANDERS, JR.,**<br><br>**Defendant.** | **Case No. 26-CR-321-JFH** |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss the Indictment ("Motion") filed by Defendant Philip Wayne Sanders, Jr. ("Defendant"). Dkt. No. 13. The United States of America ("Government") filed a response in opposition. Dkt. No. 16. For the following reasons, Defendant's Motion [Dkt. No. 13] is DENIED.

**BACKGROUND**

On August 18, 2026, Defendant was charged by indictment with one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. No. 2. The indictment alleges that on or about May 26, 2026, Defendant possessed a firearm and ammunition after previously being convicted of Possession of Controlled Dangerous Substance, a felony. *Id*. Defendant is set for trial on the Court's October 19, 2026 jury trial docket. Dkt. No. 10.

**AUTHORITY AND ANALYSIS**

Defendant moves for dismissal of the indictment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) is unconstitutional as applied. Dkt. No. 13 at 2. Specifically, Defendant argues that the Nation's historical tradition of firearms regulation does not support

permanently disarming persons convicted of Possession of Controlled Dangerous Substance, as alleged in the indictment, because that crime does not demonstrate a propensity to engage in violent criminal conduct posing a real a significant danger to the public if armed. *Id*. Defendant acknowledges that Tenth Circuit precedent forecloses his argument, but files the Motion to preserve the record for future appeal. *Id*. at 1.

In 2009, the Tenth Circuit held § 922(g)(1)—which prohibits individuals with felony convictions from possessing firearms—is a constitutional restriction on a convicted felon's Second Amendment rights. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Over a decade later, in 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which concluded that the Second Amendment prohibits a state from requiring gun owners to demonstrate a special need to obtain a concealed carry license to carry a firearm in public. 597 U.S. 1, 70-71 (2022). In doing so, the Supreme Court set out a two-step test for determining whether legislation regulating the use or possession of firearms violates the Second Amendment. First, a court considering such a challenge must determine whether the Second Amendment's "plain text covers an individual's conduct." *Id.* at 24. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Then, in 2024, the Supreme Court applied that test in *United States v. Rahimi* to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. 680 (2024). The Court ultimately concluded that restriction passed constitutional muster. *Id.* at 702. In doing so, the Court recognized that it had "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, [the Court's] opinion [in *Heller*] stated that many such prohibitions, like those on

the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' " *Id.* at 699, 144 S.Ct. 1889 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Most recently, in 2025, the Tenth Circuit in *Vincent v. Bondi* explained that these two Supreme Court cases did not abrogate *McCane*'s prior holding that § 922(g)(1) is a constitutional restriction on a convicted felon's Second Amendment rights. 127 F.4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 146 S.Ct. 1768 (2026). *McCane*'s holding thus remains binding on this Court. Accordingly, Defendant's Motion is foreclosed by *McCane* and *Vincent v. Bondi* and must be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Indictment [Dkt. No. 13] is DENIED.

DATED this 16th day of September 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE